Filed 7/28/15  In re Damian W. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| In re Damian W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>Damian W.,<br><br>        Defendant and Appellant. | A144377<br><br>(San Francisco County<br>Super. Ct. No. JW-13-6122) |

This is an appeal from the San Francisco County Juvenile Court's disposition hearing and order dated January 15, 2015.  The minor was committed to Log Cabin Ranch School.  The appeal is authorized pursuant to Welfare and Institutions Code section 800.  Appellate counsel for the minor has presented this court with a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and has advised the minor of this. The minor has been given the option of providing this court with supplemental briefing, but has not done so.  We have reviewed the case record and find no basis to change the trial court's disposition.  We affirm the judgment.

## STATEMENT OF THE CASE

This prosecution originated in the juvenile court when the district attorney filed a wardship petition on September 4, 2013.  The petition alleged the minor committed the felonies of robbery, a violation of Penal Code section 212.5, subdivision (a), and assault

by force likely to cause great bodily injury, a violation of Penal Code section 245, subdivision (a)(4). That prosecution was reviewed by this court in a prior appeal, and the judgment was affirmed. (*In re Damian W.* (June 17, 2014, A140062 [nonpub. opn.].).) We also granted minor's habeas corpus petition, which concerned ineffective assistance of counsel regarding the assault charge and enhancements.

The matter was remanded to the trial court. On August 13, 2014, the district attorney filed a return on the petition for writ of habeas corpus related to the first appeal. The prosecution conceded the minor had received ineffective assistance of counsel and was entitled to be put in the position he would have been in had he accepted the pretrial offer in the original case, which was a plea to one count of first degree robbery, with the remaining count dismissed.

On August 18, 2014, the trial court determined the minor had received ineffective assistance of counsel, struck the section 245 finding and the great bodily injury allegations on both counts of the September 4, 2013 petition, and set aside the disposition.

On December 9, 2014, the juvenile probation department filed a disposition report. It again recommended the minor be placed at Log Cabin Ranch School, with credit for the time served. On January 14, 2015, the court had a contested disposition hearing. Counsel for the minor argued the court should order the minor to out-of-home placement, other than Log Cabin Ranch School, nunc pro tunc, and not recommitment to Log Cabin Ranch School with credits. Counsel believed his client would be entitled to receive extended foster care benefits under Assembly Bill No. 12 (Stats. 2010, ch. 559 (2009-2010 Reg. Sess.), operative Jan. 1, 2012)[1] if his commitment to Log Cabin Ranch School were modified.

---

[1] "Assembly Bill 12 (Beall; Stats. 2010, ch. 559), known as the California Fostering Connections to Success Act, as amended by Assembly Bill 212 (Beall; Stats. 2011, ch. 459), implement[s] the federal Fostering Connections to Success and Increasing

2

After a full hearing, the trial court decided to follow the recommendation of the probation department and ordered the minor to Log Cabin Ranch School, with credit for time served. The sentencing judge articulated his reasons based on the seriousness of the robbery as a whole, along with the recent profile of the minor developed in the current probation assessment. The court further required the minor to continue the terms of his probation previously imposed. Additionally, since the minor had successfully completed the Log Cabin Ranch School program, the court vacated the commitment and ordered the minor to finish his reentry program. At the time of this hearing, the minor was 18 years of age and applying to junior college education programs. He had obtained his high school diploma while at Log Cabin Ranch School.

Damian W. filed this appeal on February 20, 2015.

## ANALYSIS

The issue here is whether the trial court abused its discretion in recommitting the minor to Log Cabin Ranch School. A review of the transcript from January 14, 2015, indicates the minor was ably represented by counsel. The trial court had a full appreciation of the issues he faced, having reviewed the record in this matter over a period of four days in preparing for the hearing. We believe the court articulated more than sufficient grounds for the disposition selected. He fully explained why the alternatives presented by defense counsel would not be followed. The judgment is affirmed.

---

Adoptions Act, Pub.L. No. 110-351, which provides funding resources to extend the support of the foster care system to children who are still in a foster care placement on their 18th birthday." (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Rules (2015 supp.) foll. rule 5.906, p. 160.)

_____
DONDERO, J.

We concur:


_____
HUMES, P.J.


_____
MARGULIES, J.